Unless the court has questions regarding some of the other issues, I'd like to spend my time addressing the acceptance of responsibility issue and then to also address the reasonableness of the sentence issue. Is this for the third point? Yes. And doesn't that require a motion by the government? It does under the guideline, Your Honor. Our position, Your Honor, is that the court, in addressing it, stated that because Mr. Lopez Patino had gone to trial, the government argued that he had challenged the facts and that, therefore, he was not entitled to the third point. Our position is that this case as to the issue of acceptance of responsibility is indistinguishable from the Rodriguez-Laura case, where this Court found that Mr. Rodriguez-Laura was entitled to the third point for acceptance because in focusing on the — because I think for two reasons. Primarily because the court actually punished him for going to trial. And that was — that was the — this Court's finding. And also because the focus is really the defendant's contrition in making the statement. And he very timely admitted all the elements of the offense. Mr. Lopez Patino admitted all the elements of the offense. As a matter of fact, admitted them twice, once in 2003 and then in what I'll call an updated version in 2004. And fought like the Dickens to keep him off the record, right? Yes. Yes. The district judge described the third departure as super acceptance. And he does seem to give your client credit for what you've just described, but he won't take that additional step. If the panel concludes that Booker doesn't alter the requirement that the government move for super acceptance, is that issue sort of gone? I guess another way of asking the question is, why should we conclude that Booker alters the prior law that would require a government motion for super acceptance? I think my argument to that, Your Honor, is that the end result is that a person never gets the third point if they go to trial. Because obviously, from the government's perspective, I don't ever expect them to make a motion for a third point if a person goes to trial. Even if, as in Mr. Lopez-Petino's situation, he in fact confessed to every element before the prosecution began. He was in custody, but it was before the prosecution began. So I think it can think of a way in which going to trial would might net super acceptance. And it's what was commonly done by criminal defense lawyers before the guidelines. And the assumption then was, unless you tried the case, you could never get the full story of your client's behavior in front of the judge. And the only way to do that, really, was to try the case and say so at the end of the case, that we're trying this case. We tried this case, Your Honor, so you could get the full panoply of what the defendant's conduct was, not some summarized version of it. So in that instance, perhaps super acceptance would be required, if not necessary. I'm sure there are some circumstances where it might happen. But the way the guideline is worded, it's obviously left up to the government to make that motion. And I don't see a circumstance where they're going to make that motion after a trial has taken place. And I think that I've been ---- Kennedy, are you really asking us to say that that provision is invalid somehow, unreasonable, arbitrary, the provision requiring the government's ---- I think the Court ---- I think that's what ---- that is where we're going. Well, isn't that the only way you could win, really? I think that ---- I think that if the Court considers the Booker factors, that there is a way for Mr. Lopez-Petino to get that third point, because what's ---- But not in the guideline calculation that you would ---- Not in the ---- You'd first make your guideline calculation without that. And then you would argue that it's unreasonable not to give him what he would have gotten had the guideline been written differently. That's correct. The Court that decided I'm not going to give him extra credit for this super cooperation was unreasonable in not doing it here. I think that's correct, Your Honor. I think that would have to be a correct analysis. If ---- And I realize we're kind of headed headlong into this issue. Downhill. And I don't know. You know, in thinking it through, I don't know a way around it. But I think ---- I'd like us to try to find one. Yes. Yes, I do. And preferably ---- All right. We'll take that under consideration. Thank you, Your Honor. Thank you. The other issue that I wanted to address was the issue of reasonableness. And in thinking about the argument this morning, I believe that Mr. Lopez-Petino's case was the first instance that I'd had where the district court had to address the issue of the Booker factors. What the court did was summarily address them. Judge Wanger said, I've considered them all. I've considered the factors. I went through them as they were outlined in the pre-sentence report, which just outlines what the statute says. And I've considered each factor. And I ---- Our position is that citing to this Court, in particular the Delgado case, which says it's supposed to be defendant-specific, and just citing that you've reviewed the factors is not defendant-specific. Now, I recognize, as I make this argument, that we had discussion immediately prior to the imposition of the sentence. We had some discussion about criminal history. So I can't say certainly, based on that argument, that Judge Wanger wasn't considering criminal history, because clearly he was. But there are other factors. And those factors were not addressed. And our position is that the court has to go through some sort of analysis of those factors other than to respond that the factors have been addressed. And this is the sentence. And that's our position. Thank you, Your Honor. Thank you. Good morning. Sheila Oberto for the United States. Your Honor, the Court in this case correctly considered the factors of 3553 33, acknowledged that the sentencing guidelines were advisory, applied the sentencing guidelines, gave the defendant two levels for acceptance of responsibility, notwithstanding the fact that he went to trial, but declined to give the additional level for super acceptance of responsibility, for extraordinary acceptance of responsibility, given the fact that the defendant went to trial. I'd like to distinguish the Rodriguez-Lara case from this case, Your Honor. As the defense has correctly acknowledged, the Feeney Amendment, under the Feeney Amendment, the government has to file a motion for the defendant to get that additional level of acceptance of responsibility, for extraordinary acceptance of responsibility. Here, in Rodriguez-Lara, the offense occurred in – actually, the defendant was indicted in March of 2003, so the offense clearly occurred before that date. The Feeney Amendment was enacted in April – on April 30th, 2003. And this particular case, in our case, the offense happened in March of 2004, clearly after the enactment of the Feeney Amendment. So the difference between Rodriguez-Lara in this case, in the first instance, is the fact that the Feeney Amendment was applicable to this case, whereas in the Rodriguez-Lara, the court indicated that it could give the three levels without a government motion. Government motion was not required. So the Rodriguez-Lara case is, in fact, distinguishable from this case. 3E1.1 clearly says that the additional level is warranted when the defendant acknowledges, cooperates with the government, with the authorities, by acknowledging his guilt, pleads guilty timely, and therefore conserves limited government and judicial resources. Here, the defendant did exactly the opposite. He decided to go to trial. He didn't go to trial to preserve some kind of constitutional or legal challenge. He went to trial, and he went to trial because he wanted to tell the judge his story. And at trial, even though he did make two statements before trial, during the trial, the defense argued, part of the argument was that one of the statements was in English, and maybe the defendant didn't understand English well enough and it should have been made in Spanish. So he, in fact, did challenge the evidence at trial. So we would submit, Your Honor, in this case, the court, the probation officer, if I may backtrack, actually did not even recommend the three levels for acceptance of responsibility. The government argued that the three levels shouldn't be given. The judge, on the other hand, considered all of the factors, went over the defendant's history, noted that he had three prior illegal entries. That actually goes to my reasonableness argument. The PSR recommended two levels but told the judge the third level was up to him. I believe, Your Honor, it was my understanding, actually, that the PSR did not recommend it, that the defendant not get acceptance of responsibility. That's what I just said. They recommended the two and then said the third or super acceptance, further departure, judge, is up to you. Right. Correct, Your Honor. And they recommended a low end of 92 months, actually. And the judge, on the other hand, that's correct. The judge, on the other hand, indicated, no, I'm going to give him the two levels. The government argued none of the levels should be given. The judge decided I'm going to give him the two levels. He did, in fact, acknowledge his guilt before trial, but I'm not going to give him the additional level for super acceptance of responsibility. And that's exactly the wording in the statute. The wording is that you have to take extraordinary, have extraordinary acceptance of responsibility. And, Your Honor, the reason for the government having to file that motion is because the government, as the comment C to 3E1.1b indicates, the government is in the best position to know whether or not the defendant has, in fact, assisted the authorities by coming forthright, by coming forward timely, and by pleading guilty and assisting the authorities in investigating his conduct, his misconduct. So that is the basis for it. We would submit that there is no the court in this case acted reasonably. He went through the different factors. In fact, I know that the defense is arguing that he didn't consider defendant-specific factors. In fact, Judge Wanger did that. He indicated that the defendant had three prior illegal entries. He had 11 criminal history points. He had a number of DUI convictions where they weren't even counted as criminal history points. And he acknowledged and reviewed all those factors and told the defendant during the sentencing hearing, you know, I'm giving you a break here. You're getting two levels off. Don't come back, because if you come back, you're going to be looking at even more time than that. So the judge did, in fact, go through the defendant-specific factors that are outlined in the additional authorities cited by the defense. So, Your Honor, we would submit that the court in this case considered all the factors of 3533, acknowledged that the guidelines are advisory, applied the advisory guidelines, gave the defendant two levels for acceptance of responsibility, and correctly did not give him the additional level for superexceptance of responsibility, extraordinary acceptance of responsibility, because the defendant went to trial and at trial challenged the facts. I'm sorry, Your Honor. Thank you, counsel. I think you've covered it. Thank you very much. Thank you. You used ten minutes and about six. Your Honor, the judge did go through the prior convictions of Mr. Lopez-Petino. However, those are not, clearly are not all the factors that the court is to consider under 3553A. There were no, none of Mr. Lopez-Petino's personal circumstances which were in the pre-sentence report were mentioned in the pre-sentence report. They were not mentioned in the judge's, or the colloquy, I guess, that went forth between counsel and the court regarding Mr. Lopez-Petino's prior. That was all that was discussed with the priors. And I think the problem with, the problem that I have with the cross-examination on the Spanish-English translation in the sworn statements is that we start to tread very closely on the right to trial. And the right to trial means just that. It doesn't, I don't think that cross-examining the agent about Spanish-English translation amounts to challenging the facts. And that is the distinguishing feature that the guidelines set out, challenging the facts of whether the defendant is admitting the facts. He admitted all the facts. Could you have negotiated for that, for super acceptance for a plea? In a plea, in a plea situation, the standard ---- I'll plead guilty if the government will move for that. The standard plea agreement would have given Mr. Lopez-Petino three points for acceptance. That's the standard plea. That's correct. Yes. So that was available. That was available through a plea, yes. And I don't think ---- I just want to mention also briefly, I don't think that we can distinguish Rodriguez-Laura the way the government has distinguished it. The guideline was still in effect. The Court looked at it. The Court said, I'm not punishing you because you went to trial, but in effect, that's what this Court found, and that's what this Court stated in its finding. And I think that this case is indistinguishable from Rodriguez-Laura, and I'm asking the Court to follow Rodriguez-Laura on the issue of acceptance of responsibility. Thank you, counsel. Thank you. The case just argued will be submitted. The next case is United States of America v. Jose Jesus Camacho Lopez.
judges: Goodwin, Reinhardt, Hawkins